UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DEBRA SEALS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 7:18-cv-00120-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| WAL-MART STORES, L.P. and | ) | **ORDER** |
| CHRISTOPHER TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court are Defendant Christopher Taylor's Motion to Dismiss, and Plaintiff Debra Seals's Motion to Remand. [R. 4; R. 7.] These motions are interrelated: Mr. Taylor moves to dismiss on the grounds that he was fraudulently joined after the applicable statute of limitations had already run in order to defeat diversity jurisdiction and prevent removal to federal court. Ms. Seals argues that remand is appropriate, as Mr. Taylor was not fraudulently joined because the claim against him relates back to the time the initial pleading was filed. For the following reasons, Mr. Taylor's Motion to Dismiss will be GRANTED, and Ms. Seals's Motion to Remand will be DENIED.

**I**

The facts of this case begin in a Wal-Mart parking lot. Plaintiff Debra Seals alleges that, on or around December 13, 2016, she purchased a fire place from a Wal-Mart store in Letcher County, Kentucky. [R. 1-3 at 32.] When Defendant Christopher Taylor, a Wal-Mart employee at that location, attempted to load the fireplace into Ms. Seals's vehicle, he dropped it on her and

she was injured. [R. 1-3 at 118–23.] Ms. Seals's daughter witnessed the incident. [R. 4-2.]

One day shy of a year later, Ms. Seals initiated a lawsuit against Wal-Mart in Letcher County Circuit Court for her injuries. [R. 1-3 at 3.] The original complaint named Wal-Mart as the sole defendant and stipulated that the amount in controversy was less than $75,000. [R. 1-3 at 12.] Ms. Seals moved to amend her complaint on August 6, 2018 in order to add claims against Mr. Taylor as the employee whose negligence allegedly injured her. [R. 1-3 at 29.] The Amended complaint also sought to remove the limit on the amount of damages sought. [R. 1-3 at 31–35; R. 5.] Wal-Mart opposed that motion. At a hearing in Letcher County Circuit Court and by brief, Wal-Mart argued—and still argues—that the claim against Mr. Taylor was time-barred, and that Ms. Seals fraudulently joined Mr. Taylor to the lawsuit in order to defeat diversity and avoid removal to federal court. Mr Taylor argues for dismissal for the same reasons. To be clear, Mr. Taylor does not dispute that he was the employee who assisted Mr. Seals in loading the fireplace into her car. His sole argument for dismissal— as well as Wal-Mart's argument for fraudulent joinder—is that the claim against him is time barred.

In Kentucky, personal injury claims such as Ms. Seals's are subject to a one-year statute of limitations. Ky. Rev. Stat. Ann. § 413.140(1)(a) ("The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff[.]"). It is undisputed that Ms. Seals filed her complaint against Wal-Mart before the one-year statute of limitations expired. It is also undisputed that Ms. Seals moved to amend her complaint to add Mr. Taylor as a party in August, 2018, almost eight months after the one year had elapsed. Thus, the crux of both pending motions is whether the claim against Mr. Taylor relates back to the date of the filing of the initial complaint. If the claim relates back, then Mr. Taylor was not fraudulently joined, the Motion to Dismiss must be denied, and the Motion to

2

Remand must be granted. If the claim does not relate back, then the opposite is true.

## II

### A

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

### B

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly

construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). This doctrine was created to prevent plaintiffs from asserting claims against nondiverse defendants "for the sole purpose of preventing removal." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). If Ms. Seals's claim against Mr. Taylor has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Com'n*, 579 F.3d at 624 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

### 1

Ms. Seals argues that this court should refuse to find fraudulent joinder under the law of the case doctrine. According to Ms. Seals, the Letcher Circuit Court has already considered, and rejected, Wal-Mart's arguments about relation back when it granted her Motion to Amend her complaint. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." *Pacific Emplrs. Ins. Co. v. Sav-A-Lot*, 291 F.3d 392, 398 (6th Cir. 2002). The doctrine also applies to rulings made by state courts prior to removal. *Id.* However, for the law of the case doctrine to

apply, there must actually be some such ruling. It is true that the Letcher Circuit Court granted Ms. Seals's Motion to Amend, but it did so without any analysis of Wal-Mart's arguments. [R. 1-3 at 118.] In fact, in granting the motion the presiding Judge stated, on the record, "those statute of limitations. . . they might be ripe for another day." [R. 5.] This is not a decision on the merits of an issue to which this Court owes any deference. The relation back issue was not decided by the Letcher Circuit Court. The law of the case doctrine has no applicability here. Therefore, this Court will next address the merits of the parties' relation back arguments for the first time.

## 2

To begin, the Court must decide whether to apply the relation back rule found in Federal Rule of Civil Procedure 15(c), or that of Kentucky Civil Rule 15.03. The Sixth Circuit has said that in removal cases, Courts should apply the procedural rule of the court where the action is pending. *See Pacific Emplrs. Ins. Co v. Sav-A-Lot*, 291 F.3d 392, 400 (6th Cir. 2002) ("As long as the matter remained in the Kentucky court, it was the Kentucky Rules that applied. . . . The Federal Rules applied only after removal[.]"). Because Ms. Seals amended her complaint before the action was removed to federal court, the Kentucky relation back rule applies.

Rule 15.03 states in relevant part:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

5

Ky. Civ. R. 15.03(1)–(2). It is clear that 15.03(1) is satisfied: Mr. Taylor is the Wal-Mart employee who allegedly injured Ms. Seals. But Mr. Taylor argues that 15.03(2) prevents this claim from relating back. According to Mr. Taylor, he did not receive notice of the action within the period provided by law for commencing the action, i.e., within one year following the incident. Mr. Taylor avers that he did not know about the suit until January, 2018, about a month after the limitations period passed. In contrast, Mr. Seals points out that formal notice is not required, and Mr. Taylor was at least on notice that the accident occurred, because he was the employee who injured her.

Ms. Seals is correct that Rule 15.03 does not strictly require formal notice. *See Funk v. Wagner Machinery, Inc.*, 710 S.W.2d 860, 861 (Ky. Ct. App. 1986)("[A]ctual notice not required under CR 15.03(2)"). In fact, "where there is sufficient identity of interest between the old and new defendants, the notice requirement of CR 15.03(2) is satisfied whenever the intended defendant receives notice, be it actual, informal, imputed, constructed or a combination thereof, within the limitations period." *Halderman v. Sanderson Forklifts Co.*, 818 S.W.2d 270, 273 (Ky. Ct. App. 1991). The "identity of interest" requirement is likely met here, where Wal-Mart is the party that ultimately stands to lose for Mr. Taylor's negligence under the doctrine of respondeat superior, and has been diligently defending against the suit in his absence. However, this Court does not have to reach the question of notice, because Rule 15.03(2) requires both notice *and* mistake. Here, there is no evidence that Ms. Seals would have sued Mr. Taylor "but for a mistake concerning the identity of the proper party." "The implied (not constructive) 'should have known' notice referred to in CR 15.03(2)(b), which gave rise to the 'identity of interest' exception, applies only when the plaintiff has *mistakenly* sued the wrong party and the right party

6

'knew or should have known' of that fact." *Schwindel v. Meade County*, 113 S.W.3d 159, 170 (Ky. 2003)(emphasis in original).

Ms. Seals does not allege that she intended to sue Mr. Taylor and sued Wal-Mart by mistake. In fact, the record tends to establish that Ms. Seals knew Mr. Taylor's identity all along, because her daughter recognized him from school. [R. 4-2.] Accordingly, the dual requirements of 15.03(2) are not met, and the claim against Mr. Taylor does not relate back.

## III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Christopher Taylor's Motion to Dismiss [**R. 4**] is **GRANTED;**

2. Plaintiffs' Motion to Remand **[R. 7]** is **DENIED**.

This the 26th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge